# UNITED STATES DISTRICT COURT
## THE NORTHERN DISTRICT OF OHIO
### EASTERN DIVISION

| | |
|---|---|
| NeuroShield Network SE, LLC<br>700 US Highway 46 East<br>Suite 420, Fairfield, NJ 07004<br><br>Registered Agent:<br>2 Sun Court, Suite 400, Peachtree Corners, GA, 30092<br><br>Petitioner,<br><br>v.<br><br>Phoenix Administrators, LLC D/B/A Performance Health<br>33479 Lake Road<br>Avon Lake, OH 44012<br><br>Statutory Agent:<br>David S. Nichol<br>50 S Main St Fl 10<br>Akron, OH 44308<br><br>Respondent. | Civil Action No.<br><br>CIVIL ACTION<br><br>**COMPLAINT AND PETITION TO CONFIRM ARBITRATION AWARD AND ENTRY OF JUDGMENT** |

Petitioner, NeuroShield Network SE, LLC, by and through its attorneys, Rohrbacher Trimble

& Zimmerman Co., L.P.A., submits this Complaint and Petition against Phoenix Administrators, LLC

D/B/A Performance Health, stating as follows:

## PRELIMINARY STATEMENT

1. This case arises from Respondent's failure to comply with arbitration awards issued under the Federal No Surprises Act.

2. Petitioner, a medical provider specializing in intraoperative monitoring services, has obtained arbitration awards confirming its right to additional reimbursement for services rendered to Respondent's insureds.

3. Despite these clear determinations, Respondent has not made the required payments, necessitating this action to enforce the awards and ensure compliance with the law.

4. Petitioner has made every reasonable effort to resolve these disputes outside of litigation, including submitting formal demands, engaging in direct outreach, and seeking assistance from regulatory authorities.

5. However, Respondent's continued nonpayment has left Petitioner with no alternative but to seek judicial intervention.

6. Petitioner respectfully requests that this Court enter an order confirming the arbitration awards pursuant to 9 U.S.C. § 9, as well as granting appropriate relief, including payment of all outstanding amounts, statutory interest, attorneys' fees, and any other relief the Court deems just and proper.

## PARTIES, JURISDICTION, AND VENUE

7. Petitioner is a medical practice specializing in intraoperative monitoring services, with its principal place of business at 700 US Highway 46 East Suite 420, Fairfield, NJ 07004.

8. Respondent is engaged in providing and/or administering healthcare plans or policies in the State of Ohio.

9. Jurisdiction is proper in the Federal Court for the Northern District of Ohio as this action is brought pursuant to several federal statutes, including the No Surprises Act, 42 U.S.C. §§ 300gg-111, et seq, and pursuant to 9 U.S.C. § 9 regarding confirmation of arbitration awards.

10. Venue is proper under 28 U.S.C. § 1391 because Respondent's principal place of business is located in this District.

## FACTUAL BACKGROUND

### Petitioner's Efforts to Resolve Payment Disputes Prior to Arbitration

11. Petitioner provides medically necessary intraoperative monitoring services to patients insured under health plans administered by Respondent.

12. After rendering these services, Petitioner submits claims for reimbursement in accordance with standard industry procedures.

13. Respondent has underpaid Petitioner for these services, issuing payments that do not reflect fair and reasonable reimbursement.

14. In an effort to resolve these disputes without litigation, Petitioner has engaged in the open negotiation process required under the Federal No Surprises Act, providing detailed documentation and attempting to reach an agreement.

15. However, Respondent has either failed to engage in meaningful negotiations or has not provided appropriate adjustments, requiring Petitioner to initiate arbitration under the Independent Dispute Resolution (IDR) process.

### Arbitration Awards Issued in Petitioner's Favor

16. Through the arbitration process, independent dispute resolution entities have reviewed the claims and consistently found in Petitioner's favor, determining that additional reimbursement is warranted.

17. These awards, identified as IDR Reference Number DISP-1027111, and attached hereto as Exhibit 1, confirm that Respondent's initial payments were insufficient and direct Respondent to issue the required adjustments.

18. Despite these legally binding determinations, Respondent has not consistently adhered to its payment obligations, creating financial strain for Petitioner and undermining the effectiveness of the arbitration process.

### Post-Arbitration Efforts to Obtain Compliance

19. Following the issuance of arbitration awards, Petitioner has taken substantial steps to facilitate compliance, including:

   a.  Sending formal demand letters outlining Respondent's obligations under federal law;

   b.  Direct outreach through phone calls, emails, and provider portals to discuss payment;

   c.  Filing regulatory complaints with the Centers for Medicare & Medicaid Services (CMS) in an attempt to resolve the matter administratively.

20. Despite these efforts, Respondent has not provided payment as required, leaving Petitioner with no choice but to pursue judicial enforcement.

### CAUSES OF ACTION

### COUNT ONE – CONFIRMATION OF ARBITRATION AWARD (9 U.S.C. § 9)

21. Petitioner incorporates the allegations set forth above.

22. Under 9 U.S.C. § 9, a party to arbitration may apply for an order confirming an arbitration award.

23. Petitioner has obtained binding arbitration awards requiring additional reimbursement.

24. Despite clear legal obligations, Respondent has not fulfilled its payment responsibilities.

25. Petitioner seeks an order confirming the arbitration awards and directing Respondent to issue payment.

## PRAYER FOR RELIEF

WHEREFORE, Petitioner respectfully requests that this Court:

1. Confirm the arbitration awards;

2. Enter judgment against Respondent for all unpaid amounts;

3. Award statutory damages, penalties, and attorneys' fees; and

4. Grant any further relief deemed just and appropriate.

Dated: June 19, 2025

Respectfully submitted,

*/s/ J. Mark Trimble*
J. Mark Trimble, Esq.
Rohrbacher Trimble & Zimmerman Co., L.P.A.
405 Madison Avenue, 8th Floor
Toledo, Ohio 43604
Telephone (419) 248-2609
Fax (419) 248-2614
Email: mtrimble@rtz-law.com
COUNSEL FOR PETITIONER

**IDR dispute status:** Payment Determination Made
**IDR reference number:** DISP-1027111

Federal Hearings and Appeals Services, Inc. has reviewed your Federal Independent Dispute Resolution (IDR) dispute with reference number **DISP-1027111** and has determined that Thai Dang D.O. is the prevailing party in this dispute. Thai Dang D.O. prevailed in 4 out of 4 dispute line items.

**Determination 1**

After considering all permissible information submitted by both parties, Federal Hearings and Appeals Services, Inc. has determined that the out-of-network payment amount of **$7,400.00** offered by Thai Dang D.O. is the appropriate out-of-network rate for the item or service 95939 on this claim 1614258 under this dispute.

Federal Hearings and Appeals Services, Inc. based this determination on a review of the following:

Thai Dang D.O. submitted an offer of $7,400.00

Performance Health submitted an offer of $954.96

For each of the following determination factors, an "x" in the Initiating Party and/or Non-Initiating Party column means the party provided supporting information.

|   | Additional Circumstances | Initiating Party | Non-Initiating Party |
|---|---|---|---|
| 1 | The level of training, experience, and quality and outcomes measurements of the provider or facility that furnished such item or service (such as those endorsed by the consensus-based entity authorized in section 1890 of the Social Security Act) | X | |
| 2 | The market share held by the nonparticipating provider or facility or that of the plan or issuer in the geographic region in which the item or service was provided | | |
| 3 | The acuity of the individual receiving such item or service or the complexity of furnishing such item or service to such individual | X | |
| 4 | The teaching status, case mix, and scope of services of the nonparticipating facility that furnished such item or service | | |
| 5 | Demonstrations of good faith efforts (or lack of good faith efforts) made by the disputing parties to enter into network agreements and, if applicable, contracted rates between the disputing parties during the previous 4 plan years | X | X |
| 6 | Additional information submitted by a party | X | X |

**Determination Rationale**



EXHIBIT
1

After a complete and careful consideration of the totality of the evidence as promulgated in 45 CFR 149.510(c)(4) which does not include information on the prohibited factors described in 45 CFR 149.510(c)(4)(v), and after applying the No Surprises Act statutory provisions, Thai Dang D.O.'s offer best represents the value of the services that are the subject of this unique payment determination.

Both the Prevailing Party and the Non-Prevailing Party submitted an offer and credible information representing their valuation of the services provided. FHAS found that the Prevailing Party's offer best represents the value of the out-of-network service(s) due to the submitted, credible information for the following factors:

The Initiating party's credible evidence of patient acuity was of substantial weight in this adjudication. The Initiating party's credible evidence of additional information was of substantial weight in this adjudication. The Initiating party's credible evidence of prior contracted rates and good faith negotiations effort was of substantial weight in this adjudication. The Initiating party's credible evidence of the level of training and experience and/ or the quality and outcome measurements was of substantial weight in this adjudication. The Non-Initiating party's evidence supporting additional information added significant weight in reaching a payment determination. The Non-Initiating party's credible evidence of prior contracted rates and good faith negotiations effort was of substantial weight in this adjudication. The Non-Initiating party's evidence supporting the QPA added significant weight in reaching a payment determination.

**Please note that while all factors are reviewed as required under 45 CFR 149.510(c)(4), the submitted evidence and information associated with the aforementioned factors demonstrated the prevailing party's offer best represents the value of the out-of-network service(s) in this particular case.**

## Determination 2

After considering all permissible information submitted by both parties, Federal Hearings and Appeals Services, Inc. has determined that the out-of-network payment amount of **$4,500.00** offered by Thai Dang D.O. is the appropriate out-of-network rate for the item or service 95938 on this claim 1614258 under this dispute.

Federal Hearings and Appeals Services, Inc. based this determination on a review of the following:

Thai Dang D.O. submitted an offer of  $4,500.00

Performance Health submitted an offer of  $0.00

For each of the following determination factors, an "x" in the Initiating Party and/or Non-Initiating Party column means the party provided supporting information.

| | Additional Circumstances | Initiating Party | Non-Initiating Party |
|---|---|---|---|
| 1 | The level of training, experience, and quality and outcomes measurements of the provider or facility that furnished such item or service (such as those endorsed by the consensus-based entity authorized in section 1890 of the Social Security Act) | X | |

| | | | |
|---|---|---|---|
| 2 | The market share held by the nonparticipating provider or facility or that of the plan or issuer in the geographic region in which the item or service was provided | | |
| 3 | The acuity of the individual receiving such item or service or the complexity of furnishing such item or service to such individual | X | |
| 4 | The teaching status, case mix, and scope of services of the nonparticipating facility that furnished such item or service | | |
| 5 | Demonstrations of good faith efforts (or lack of good faith efforts) made by the disputing parties to enter into network agreements and, if applicable, contracted rates between the disputing parties during the previous 4 plan years | X | X |
| 6 | Additional information submitted by a party | X | X |

**Determination Rationale**

After a complete and careful consideration of the totality of the evidence as promulgated in 45 CFR 149.510(c)(4) which does not include information on the prohibited factors described in 45 CFR 149.510(c)(4)(v), and after applying the No Surprises Act statutory provisions, Thai Dang D.O.'s offer best represents the value of the services that are the subject of this unique payment determination.

Both the Prevailing Party and the Non-Prevailing Party submitted an offer and credible information representing their valuation of the services provided. FHAS found that the Prevailing Party's offer best represents the value of the out-of-network service(s) due to the submitted, credible information for the following factors:

The Initiating party's credible evidence of patient acuity was of substantial weight in this adjudication. The Initiating party's credible evidence of additional information was of substantial weight in this adjudication. The Initiating party's credible evidence of prior contracted rates and good faith negotiations effort was of substantial weight in this adjudication. The Initiating party's credible evidence of the level of training and experience and/ or the quality and outcome measurements was of substantial weight in this adjudication. The Non-Initiating party's evidence supporting additional information added significant weight in reaching a payment determination. The Non-Initiating party's credible evidence of prior contracted rates and good faith negotiations effort was of substantial weight in this adjudication. The Non-Initiating party's evidence supporting the QPA added significant weight in reaching a payment determination.

**Please note that while all factors are reviewed as required under 45 CFR 149.510(c)(4), the submitted evidence and information associated with the aforementioned factors demonstrated the prevailing party's offer best represents the value of the out-of-network service(s) in this particular case.**

**Determination 3**

After considering all permissible information submitted by both parties, Federal Hearings and Appeals Services, Inc. has determined that the out-of-network payment amount of **$2,700.00** offered by Thai Dang D.O. is the appropriate out-of-network rate for the item or service 95870 on this claim 1614258 under this dispute.

Federal Hearings and Appeals Services, Inc. based this determination on a review of the following:

Thai Dang D.O. submitted an offer of  $2,700.00

Performance Health submitted an offer of  $0.00

For each of the following determination factors, an "x" in the Initiating Party and/or Non-Initiating Party column means the party provided supporting information.

|  | Additional Circumstances | Initiating Party | Non-Initiating Party |
|---|---|---|---|
| 1 | The level of training, experience, and quality and outcomes measurements of the provider or facility that furnished such item or service (such as those endorsed by the consensus-based entity authorized in section 1890 of the Social Security Act) | X | |
| 2 | The market share held by the nonparticipating provider or facility or that of the plan or issuer in the geographic region in which the item or service was provided | | |
| 3 | The acuity of the individual receiving such item or service or the complexity of furnishing such item or service to such individual | X | |
| 4 | The teaching status, case mix, and scope of services of the nonparticipating facility that furnished such item or service | | |
| 5 | Demonstrations of good faith efforts (or lack of good faith efforts) made by the disputing parties to enter into network agreements and, if applicable, contracted rates between the disputing parties during the previous 4 plan years | X | X |
| 6 | Additional information submitted by a party | X | X |

**Determination Rationale**

After a complete and careful consideration of the totality of the evidence as promulgated in 45 CFR 149.510(c)(4) which does not include information on the prohibited factors described in 45 CFR 149.510(c)(4)(v), and after applying the No Surprises Act statutory provisions, Thai Dang D.O.'s offer best represents the value of the services that are the subject of this unique payment determination.

Both the Prevailing Party and the Non-Prevailing Party submitted an offer and credible information representing their valuation of the services provided. FHAS found that the Prevailing Party's offer best represents the value of the out-of-network service(s) due to the submitted, credible information for the following factors:

The Initiating party's credible evidence of patient acuity was of substantial weight in this adjudication. The Initiating party's credible evidence of additional information was of substantial weight in this adjudication. The Initiating party's credible evidence of prior contracted rates and good faith negotiations effort was of substantial weight in this adjudication. The Initiating party's credible evidence of the level of training and experience and/ or the quality and outcome measurements was of substantial weight in this adjudication. The Non-Initiating party's evidence supporting additional information added significant weight in reaching a payment determination. The Non-Initiating party's credible evidence of prior contracted rates and good faith negotiations effort was of substantial weight in this adjudication. The Non-Initiating party's evidence supporting the QPA added significant weight in reaching a payment determination.

**Please note that while all factors are reviewed as required under 45 CFR 149.510(c)(4), the submitted evidence and information associated with the aforementioned factors demonstrated the prevailing party's offer best represents the value of the out-of-network service(s) in this particular case.**

**Determination 4**

After considering all permissible information submitted by both parties, Federal Hearings and Appeals Services, Inc. has determined that the out-of-network payment amount of **$800.00** offered by Thai Dang D.O. is the appropriate out-of-network rate for the item or service 95937 on this claim 1614258 under this dispute.

Federal Hearings and Appeals Services, Inc. based this determination on a review of the following:

Thai Dang D.O. submitted an offer of $800.00

Performance Health submitted an offer of $0.00

For each of the following determination factors, an "x" in the Initiating Party and/or Non-Initiating Party column means the party provided supporting information.

|   | Additional Circumstances | Initiating Party | Non-Initiating Party |
|---|---|---|---|
| 1 | The level of training, experience, and quality and outcomes measurements of the provider or facility that furnished such item or service (such as those endorsed by the consensus-based entity authorized in section 1890 of the Social Security Act) | X | |
| 2 | The market share held by the nonparticipating provider or facility or that of the plan or issuer in the geographic region in which the item or service was provided | | |
| 3 | The acuity of the individual receiving such item or service or the complexity of furnishing such item or service to such individual | X | |
| 4 | The teaching status, case mix, and scope of services of the nonparticipating facility that furnished such item or service | | |
| 5 | Demonstrations of good faith efforts (or lack of good faith efforts) made by the disputing parties to enter into network agreements and, if applicable, contracted | X | X |

| | rates between the disputing parties during the previous 4 plan years | | |
|---|---|---|---|
| 6 | Additional information submitted by a party | X | X |

**Determination Rationale**

After a complete and careful consideration of the totality of the evidence as promulgated in 45 CFR 149.510(c)(4) which does not include information on the prohibited factors described in 45 CFR 149.510(c)(4)(v), and after applying the No Surprises Act statutory provisions, Thai Dang D.O.'s offer best represents the value of the services that are the subject of this unique payment determination.

Both the Prevailing Party and the Non-Prevailing Party submitted an offer and credible information representing their valuation of the services provided. FHAS found that the Prevailing Party's offer best represents the value of the out-of-network service(s) due to the submitted, credible information for the following factors:

The Initiating party's credible evidence of patient acuity was of substantial weight in this adjudication. The Initiating party's credible evidence of additional information was of substantial weight in this adjudication. The Initiating party's credible evidence of prior contracted rates and good faith negotiations effort was of substantial weight in this adjudication. The Initiating party's credible evidence of the level of training and experience and/ or the quality and outcome measurements was of substantial weight in this adjudication. The Non-Initiating party's evidence supporting additional information added significant weight in reaching a payment determination. The Non-Initiating party's credible evidence of prior contracted rates and good faith negotiations effort was of substantial weight in this adjudication. The Non-Initiating party's evidence supporting the QPA added significant weight in reaching a payment determination.

**Please note that while all factors are reviewed as required under 45 CFR 149.510(c)(4), the submitted evidence and information associated with the aforementioned factors demonstrated the prevailing party's offer best represents the value of the out-of-network service(s) in this particular case.**

**Next Step:**

If any amount is due to either party, it must be paid **not later than 30 calendar days** after the date of this notification, as follows:

> **• A plan, issuer, or Federal Employees Health Benefits (FEHB) Program carrier owes a payment to a non-participating provider or facility** when the total amount of the offers selected by the certified IDR entity exceeds the sum of 1) any initial payment the plan, issuer, or FEHB carrier has paid to the non-participating provider or facility and 2) any cost sharing paid or owed by the participant, beneficiary, or enrollee.

• **A non-participating provider or facility owes a refund to a plan, issuer or FEHB carrier** when the total amount of the offers selected by the certified IDR entity is less than the sum of 1) any initial payment the plan, issuer, or FHHB carrier has paid to the non-participating provider or facility and 2) any cost sharing paid or owed by the participant, beneficiary, or enrollee.

**NOTE:** The non-prevailing party is ultimately responsible for the certified IDR entity fee, which is retained by the certified IDR entity for the services performed. Federal Hearings and Appeals Services, Inc. has determined that Performance Health had the fewest determinations in its favor and is therefore the non-prevailing party in DISP-1027111 and is responsible for paying the certified IDR entity fee. The certified IDR entity fee that was paid by the prevailing party will be returned to Thai Dang D.O. by the certified IDR entity within 30 business days of the date of this notification.

Pursuant to the Federal Employees Health Benefits Act at 5 U.S.C. 8902(p), Internal Revenue Code sections 9816(c)(5)(E) and 9817(b)(5)(D), Employee Retirement Income Security Act sections 716(c)(5)(E) and 717(b)(5)(D), and Public Health Service Act sections 2799A-1(c)(5)(E) and 2799A-2(b)(5)(D), and their implementing regulations at 5 CFR 890.114, 26 CFR 54.9816–8T (c)(4)(vii), 29 CFR 2590.716-8(c)(4)(vii) and 45 CFR 149.510(c)(4)(vii), this determination is legally binding unless there is fraud or evidence of intentional misrepresentation of material facts to the certified IDR entity by any party regarding the dispute.

The party that initiated the Federal IDR Process may not submit a subsequent Notice of IDR Initiation involving the same other party with respect to a claim for the same or similar item or service that was the subject of this dispute during the 90-calendar-day suspension period following the date of this email, also referred to as the "cooling off" period.

If the initiating party was a provider, the provider is identified by the National Provider Identifier (NPI) or Taxpayer Identification Number (TIN). During the cooling off period, the provider may not submit a subsequent Notice of IDR Initiation involving the same non-initiating party with respect to a claim billed under the same NPI or TIN for the same or similar item or service.

The initiating party with respect to dispute number DISP-1027111 was Thai Dang D.O.. The initiating party's TIN is ███0953. The non-initiating party was Performance Health. The 90-calendar day cooling off period begins on June 20, 2024 . Please retain this information for your records.

If the end of the open negotiation period for such an item or service falls during the cooling off period, either party may submit a Notice of IDR Initiation within 30 business days following the end of the cooling off period, as opposed to the standard 4-business-day period following the end of the open negotiation period. This 30-business-day period begins on the day after the last day of the cooling off period.

**Resources**
Visit the No Surprises website for additional IDR resources.

**Contact information**
For questions, contact Federal Hearings and Appeals Services, Inc.. Include your IDR Reference number referenced above.

Thank you,

Federal Hearings and Appeals Services, Inc.

*Privileged and Confidential: The information contained in this e-mail message, including any attachments, is intended only for the personal and confidential use of the intended recipient(s) and may contain confidential and privileged information as well as information protected by the Privacy Act of 1974. If the reader of this message is not the intended recipient or an agent responsible for delivering it to the intended recipient,*

you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please immediately contact the sender by reply e-mail and delete all copies of the original message.